**JUDGE FURMAN**

UNITED STATES DISTRICT COURT
SOUTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

VIJOI RAMAH,                                 :

               Plaintiff,

                            :

   -against-                                  :

J MENDEL INC., and
CHRISTINA ALPARONE, in her
Individual Capacity,

               Defendants.       :
-------------------------------------------------------------x

CIVIL ACTION NO.

# 17 CV 4502

COMPLAINT

JURY TRIAL DEMANDED

### NATURE OF ACTION

This Action is brought by the plaintiff, Vijoi Ramah under the Family and Medical Leave Act of 1993, 29 U.S.C section 2601 et seq. Based on defendants' unlawful interference with Plaintiff's rights under FMLA and defendants' termination from employment of Plaintiff in retaliation for his exercise of rights under FMLA and under the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325 and the Civil Rights Act of 1991, Pub. L. No.102-166);  and The Age Discrimination in Employment Act of 1967 (ADEA or Act), 81 Stat. 602, as amended, 29 U.S.C. § 621 et seq. (1994 ed. and Supp. III), 29 U.S.C. § 623, as plaintiff was immediately replaced with a younger worker under the age of 40. Plaintiff was subjected to unlawful employment practices on the basis of the violations of the FMLA, ADA and ADEA, and to correct unlawful employment practices on the basis of discrimination to provide appropriate relief to Vijoi Ramah, who was adversely affected by such practices.

## JURISDICTION AND VENUE

Jurisdiction of this court is invoked pursuant to 29 U.S.C. sec. 2617(a)(2) and 28 U.S.C. sec.1331. This action is authorized and instituted pursuant to The FMLA and section 102 of the civil right act of 1991, 42 U.S.C. sec 1981a. implementing regulations, 4 CFR 104, et seq.; are contrary to the rights and privileges guaranteed under the Fifth and Fourteenth Amendments of U.S. Constitution and are actionable under 42 U.S.C. 1983. and The Americans with Disabilities Act, and The Age Discrimination in Employment Act of 1967 (ADEA or Act), 81 Stat. 602, as amended, 29 U.S.C. § 621 *et seq.* (1994 ed. and Supp. III), 29 U.S.C. § 623 Venue is properly laid within the Southern District of New York pursuant to 28 U.S.C. § 1391(b) in that the Defendant does business in this state and has minimum contacts in foreign states and in New York state. Defendant is located and also engages in business in this state jurisdiction, all allegations of discrimination in this complaint occurred within this jurisdiction.

## PARTIES

At all times, Plaintiff, Vijoi Ramah, is a United States Citizen who resides at 359 Rutgers Avenue Hillside, New Jersey 07205. Plaintiff, Vijoi Ramah worked for Defendant, J Mendel, Inc., located at 463 Seventh Avenue, New York, N.Y.,10018.

Defendant, Human Resources Director Christina Alparone directly participated in the decision to terminate Plaintiff's employment because plaintiff exercised his rights under the FMLA and because of the disabilities of plaintiff, the record of such disabilities and/or because he was perceived to be disabled. was and is now an employer within the meaning of 29 U.S.C. Sec 2611(4)(A) under the FMLA, and because it engages in an industry affecting commerce, and employs more than the requisite number of employees under Title 1 of the ADA, and Section 623 of the ADEA.

## ADMINISTRATIVE MEASURES

On or about January 19, 2016, Vijoi Ramah filed a charge against defendant J Mendel, with The Federal Equal Employment Opportunity Commission located at 33 Whitehall Street, New York NY, 10004, .as required to exhaust Plaintiff's administrative Remedies. A finding of just cause of discrimination was determined by the EEOC. Conciliation commenced upon the Commission's determination and respondent/defendant refused to actively participate in the conciliation in a good faith manner. Plaintiff informed the commission on March 20, 2017 the he wanted to continue to negotiate settlement in conciliation but defendant had no desire to settle within the conciliation process. A Right to Sue Letter with a determination of just cause of discrimination dated March 22, 2017 was emailed to Vijoi Ramah on April 11, 2017 and was first received by Plaintiff, Vijoi Ramah on April 11, 2107.

## FACTS

1. Plaintiff, Vijoi Ramah is over the age of 60 and because of that, has illnesses directly associated with medical problems directly related to my age which are also covered by The ADEA and The American with Disabilities Act.

2. Plaintiff was subjected to discrimination by my former employer as plaintiff was terminated for requesting time off from work under The FMLA Act of 1993, to have a serious medical procedure (Angioplasty) performed. Plaintiff had scheduled the procedure with my doctor for October 2015.

3. There is a record of Plaintiff's disability and plaintiff was in need of an angioplasty and was out of work, as an employee of the defendant, in the past for the same related illnesses. My employer was aware that I had been out sick in the recent past for this medical illness that was directly related to the necessary scheduled procedure (Angioplasty)On September 24, 2015, plaintiff visited my cardiologist, Doctor Asim Hameedi.

4.  The following morning, September 25, 2015, Plaintiff went to work and Plaintiff filled out a vacation request for five vacation days. I went to my manager, Ed Meredith, CFO, for approval but his office was closed. Plaintiff asked Marty Saur if Mr. Meredith was in and Marty said that Mr. Meredith was in a meeting and I should come back in a couple of hours.

5.  Plaintiff returned at about 11:30AM and Mr. Meredith said he was busy garnering reports for the potential investors and I should leave the vacation request.

6.  Plaintiff gave/notified manager Ed Meredith of the vacation request on Friday September 25, 2015.

7.  On Friday September 25, 2015, Manager Ed Meredith was informed by plaintiff that it was for an angioplasty procedure.

8.  After being given the vacation/FMLA request, Mr. Meredith said to Plaintiff if we can address this on this Monday, September 28, 2015.

9.  Plaintiff went to Ed Meredith's office Monday morning, September 28, 2015, at about 10AM and Ed Meredith said that there is someone in lobby that he has an appointment with and Plaintiff should come back in a couple of hours.

10. Plaintiff decided to go to Christina Alparone's office. Plaintiff said Mr. Meredith is a hard person to reach and whether Plaintiff can get the vacation approved with her and have Ed Meredith sign it. Plaintiff told her about the angioplasty that had to be done and Plaintiff was requesting five vacation days, as Plaintiff still had nine vacation days remaining. Christina Alparone said it is a great idea because her father had the same procedure and it takes about a week to heal; especially if they go through your groin.

11. Human Resources director Christina Alparone was fully aware of plaintiff's disability and directly made a request for FMLA leave to Human Resources director Christina Alparone

12. Christina Alparone said not to leave the vacation request with her because she is swamped with work and Plaintiff should come back and see Mr. Meredith in two hours.

JUDGE FURMAN

UNITED STATES DISTRICT COURT
SOUTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
                                          :        CIVIL ACTION NO.

VIJOI RAMAH,                              :

                Plaintiff,               :        1 7 CV 4502
                                                  COMPLAINT

    -against-                            :        JURY TRIAL DEMANDED

J MENDEL INC., and
CHRISTINA ALPARONE, in her
Individual Capacity,

                Defendants.    :
-----------------------------------------------------------x

## NATURE OF ACTION

   This Action is brought by the plaintiff, Vijoi Ramah under the Family and Medical Leave Act of 1993,

29 U.S.C section 2601 et seq. Based on defendants' unlawful interference with Plaintiff's rights under

FMLA and defendants' termination from employment of Plaintiff in retaliation for his exercise of rights

under FMLA and under the Americans with Disabilities Act of 1990, as codified, 42 U.S.C.

§§12112 - 12117 (amended by the ADA Amendments Act of 2008,Pub. L. No. 110-325 and the

Civil Rights Act of 1991, Pub. L. No.102-166);  and The Age Discrimination in Employment Act

of 1967 (ADEA or Act), 81 Stat. 602, as amended, 29 U.S.C. § 621 et seq. (1994 ed. and Supp.

III), 29 U.S.C. § 623, as plaintiff was immediately replaced with a younger worker under the age of 40.

Plaintiff was subjected to unlawful employment practices on the basis of the violations of the

FMLA, ADA and ADEA, and to correct unlawful employment practices on the basis of

discrimination to provide appropriate relief to Vijoi Ramah, who was adversely affected by such

practices.

## JURISDICTION AND VENUE

Jurisdiction of this court is invoked pursuant to 29 U.S.C. sec. 2617(a)(2) and 28 U.S.C. sec.1331. This action is authorized and instituted pursuant to The FMLA and section 102 of the civil right act of 1991, 42 U.S.C. sec 1981a. implementing regulations, 4 CFR 104, et seq.; are contrary to the rights and privileges guaranteed under the Fifth and Fourteenth Amendments of U.S. Constitution and are actionable under 42 U.S.C. 1983. and The Americans with Disabilities Act, and The Age Discrimination in Employment Act of 1967 (ADEA or Act), 81 Stat. 602, as amended, 29 U.S.C. § 621 *et seq.* (1994 ed. and Supp. III), 29 U.S.C. § 623 Venue is properly laid within the Southern District of New York pursuant to 28 U.S.C. § 1391(b) in that the Defendant does business in this state and has minimum contacts in foreign states and in New York state. Defendant is located and also engages in business in this state jurisdiction, all allegations of discrimination in this complaint occurred within this jurisdiction.

## PARTIES

At all times, Plaintiff, Vijoi Ramah, is a United States Citizen who resides at 359 Rutgers Avenue Hillside, New Jersey 07205. Plaintiff, Vijoi Ramah worked for Defendant, J Mendel, Inc., located at 463 Seventh Avenue, New York, N.Y.,10018.

Defendant, Human Resources Director Christina Alparone directly participated in the decision to terminate Plaintiff's employment because plaintiff exercised his rights under the FMLA and because of the disabilities of plaintiff, the record of such disabilities and/or because he was perceived to be disabled. was and is now an employer within the meaning of 29 U.S.C. Sec 2611(4)(A) under the FMLA, and because it engages in an industry affecting commerce, and employs more than the requisite number of employees under Title 1 of the ADA, and Section 623 of the ADEA.

2

## ADMINISTRATIVE MEASURES

On or about January 19, 2016, Vijoi Ramah filed a charge against defendant J Mendel, with The Federal Equal Employment Opportunity Commission located at 33 Whitehall Street, New York NY, 10004, .as required to exhaust Plaintiff's administrative Remedies. A finding of just cause of discrimination was determined by the EEOC. Conciliation commenced upon the Commission's determination and respondent/defendant refused to actively participate in the conciliation in a good faith manner. Plaintiff informed the commission on March 20, 2017 the he wanted to continue to negotiate settlement in conciliation but defendant had no desire to settle within the conciliation process. A Right to Sue Letter with a determination of just cause of discrimination dated March 22, 2017 was emailed to Vijoi Ramah on April 11, 2017 and was first received by Plaintiff, Vijoi Ramah on April 11, 2107.

## FACTS

1. Plaintiff, Vijoi Ramah is over the age of 60 and because of that, has illnesses directly associated with medical problems directly related to my age which are also covered by The ADEA and The American with Disabilities Act.

2. Plaintiff was subjected to discrimination by my former employer as plaintiff was terminated for requesting time off from work under The FMLA Act of 1993, to have a serious medical procedure (Angioplasty) performed. Plaintiff had scheduled the procedure with my doctor for October 2015.

3. There is a record of Plaintiff's disability and plaintiff was in need of an angioplasty and was out of work, as an employee of the defendant, in the past for the same related illnesses. My employer was aware that I had been out sick in the recent past for this medical illness that was directly related to the necessary scheduled procedure (Angioplasty)On September 24, 2015, plaintiff visited my cardiologist, Doctor Asim Hameedi.

3

4.  The following morning, September 25, 2015, Plaintiff went to work and Plaintiff filled out a vacation request for five vacation days. I went to my manager, Ed Meredith, CFO, for approval but his office was closed. Plaintiff asked Marty Saur if Mr. Meredith was in and Marty said that Mr. Meredith was in a meeting and I should come back in a couple of hours.

5.  Plaintiff returned at about 11:30AM and Mr. Meredith said he was busy garnering reports for the potential investors and I should leave the vacation request.

6.  Plaintiff gave/notified manager Ed Meredith of the vacation request on Friday September 25, 2015.

7.  On Friday September 25, 2015, Manager Ed Meredith was informed by plaintiff that it was for an angioplasty procedure.

8.  After being given the vacation/FMLA request, Mr. Meredith said to Plaintiff if we can address this on this Monday, September 28, 2015.

9.  Plaintiff went to Ed Meredith's office Monday morning, September 28, 2015, at about 10AM and Ed Meredith said that there is someone in lobby that he has an appointment with and Plaintiff should come back in a couple of hours.

10. Plaintiff decided to go to Christina Alparone's office. Plaintiff said Mr. Meredith is a hard person to reach and whether Plaintiff can get the vacation approved with her and have Ed Meredith sign it. Plaintiff told her about the angioplasty that had to be done and Plaintiff was requesting five vacation days, as Plaintiff still had nine vacation days remaining. Christina Alparone said it is a great idea because her father had the same procedure and it takes about a week to heal; especially if they go through your groin.

11. Human Resources director Christina Alparone was fully aware of plaintiff's disability and directly made a request for FMLA leave to Human Resources director Christina Alparone

12. Christina Alparone said not to leave the vacation request with her because she is swamped with work and Plaintiff should come back and see Mr. Meredith in two hours.

13. Plaintiff returned after two hours but Mr. Meredith was still not available, he was in a meeting with the CEO, Mark Durie. On Plaintiff's way, back I peeked into Christina Alparone's office and said Mr. Meredith is in another meeting and she said try again later.

14. When Plaintiff requested the time off, defendant never informed Plaintiff that he was being terminated, instead a written vacation request was submitted and series of conveyances occurred before Defendant decided to terminate plaintiff.

15. On Plaintiff's way to see Ed Meredith at about 1:30PM on September 28, 2015, Plaintiff was stopped by human resources director, Christina Alparone and asked to wait in the showroom. After a few minutes, Christina walked in with Mark Durie, CEO and Ed Meredith, CFO.

16. On September 28, 2015, Plaintiff was told by Mark Durie that the company is going in a different direction and my position of Costing manager has been terminated. Mark Durie said Christina Alparone will escort you to your office for you to take all personal effects and hand over all company keys. After 15 years of faithful service, Plaintiff was actually escorted out of the building by security as if Plaintiff had committed some act of misconduct.

17. Plaintiff began working for his employer in May of 2000.  On September 28, 2015, Plaintiff was terminated in response for requesting time off for a serious medical condition on September 25, 2015.

18. Plaintiff's employer was fully aware of Plaintiff's medical conditions of heart disease/small vessel disease. In 2013, Plaintiff previously had a stroke at work in the presence of the defendant.

19. Defendant displayed deliberate indifference in the past, directly related to plaintiff's disability, by letting Plaintiff leave work after waiting for his son to pick him up without calling for medical help or an ambulance when plaintiff had a stroke at work in December 2013.

20. Defendant had previously had been notified of the reason(s) why Plaintiff needed a week off from work in October 2015.

21. Plaintiff was a victim of discrimination for requesting time off from my job on September 25, 2015. The Human Resources Director ignored Plaintiff's request for medical leave and wrongly terminated plaintiff's employment in response to making this request for medical leave one business day later, September 28, 2015.

22. Plaintiff was terminated by my employer for requesting to take medical leave, a week off to have an angioplasty performed. My termination was based on discrimination, all in violation of the Family Medical Leave Act, The American with disabilities Act and the ADEA which is governed under Title VII of the Civil Rights Act of 1964, as amended, and other applicable Federal, state, and local anti-discrimination statutes

## STATEMENT OF CLAIMS

23. That Plaintiff repeats, reiterates, and realleges each and every allegation set forth and contained in paragraphs marked and numbered "1" through "23" herein, inclusive, as if fully set forth at length herein.

COUNT ONE

VIOLATION OF

The Family Medical Leave Act of 1993, FMLA Interference & Retaliation

Defendant J Mendel must not discriminate on the basis of interfering with the rights of plaintiff taking medical leave under FMLA. Plaintiff was terminated based on requesting taking medical leave for treating/monitoring a serious health condition.

24. Defendant engaged in unlawful employment practices in violation of section The FMLA Act of 1993. Such unlawful employment practices include allowing CEO Mark Drurie,

CFO Ed Meredith and Human Resources director Christina Alparone to add Vijoi Ramah to list of employees to be terminated after plaintiff requested time off for a serious health condition covered under The FMLA Act of 1993.

25. Plaintiff had a stroke in December 2013 and suffers from heart disease/small vessel disease.

26. Plaintiff requested time off to have an angioplasty procedure performed by his medical clinician because plaintiff has heart/small vessel disease.

27. Defendant/Employer's records do not show that Plaintiff was considered for layoff prior to his request for FMLA leave.

28. Defendant/Employer's records do show that plaintiff was considered for layoff the day after his request for FMLA Leave.

29. Plaintiff was laid off because of his participation in a legally protected act of requesting FMLA Leave, which constitutes FMLA Interference and retaliation.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Vijoi Ramah.

32. As a result of his disability, plaintiff was discriminated and retaliated against based his request for leave under the FMLA because of his disabilities, in violation of The FMLA Act of 1993.

COUNT TWO

33. That Plaintiff repeats, reiterates, and realleges each and every allegation set forth and contained in paragraphs marked and numbered "1" through "34" herein, inclusive, as if fully set forth at length herein. Plaintiff was subjected to disparate treatment

7

VIOLATION OF

The American with Disabilities Act of 1990 as amended as codified, 42 U.S.C. §§12112 - 12117

(amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325

Retaliation for making an Accommodation Request under the ADA

Defendant J Mendel and Human Resources director, Christina Alparone must not discriminate

based on the disabilities of plaintiff covered under the ADA, which makes it unlawful for an

employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate

against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's disability.

The actions of defendant subjected Plaintiff to act(s) of retaliation for exercising his rights under

the ADA.

The foregoing paragraphs are incorporated herein by this reference.

34. Defendant engaged in unlawful employment practices in violation of The ADA of 1990
    as amended.

35. Such unlawful employment practices include allowing Human Resources director
    Christina Alparone to add Vijoi Ramah to list of employees to be terminated after
    plaintiff requested time off for a disability covered under the ADA

36. Plaintiff had a stroke in December 2013 and suffers from heart disease/small vessel
    disease.

37. On September 25, 2015, Plaintiff requested time off for an angioplasty directly because of heart/small vessel disease.

38. On September 28, 2015, Plaintiff was terminated by defendant in response to requesting an accommodation of time off to have his disability treated by his medical clinician.

39. Defendant/Employer's records do not show that Plaintiff was considered for layoff prior to his request for an Accommodation under the ADA.

40. Defendant/Employer's records do show that plaintiff was considered for layoff the day after his request for an Accommodation under the ADA.

41. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Vijoi Ramah., which lead to Vijoi Ramah experiencing extreme humiliation and mental anguish.

42. The unlawful employment practices complained of above were intentional.


COUNT THREE

43. That Plaintiff repeats, reiterates, and realleges each and every allegation set forth and contained in paragraphs marked and numbered "1" through "43" herein, inclusive, as if fully set forth at length herein.

VIOLATION OF

The ADEA.

The Age Discrimination in Employment Act of 1967 (ADEA or Act), 81 Stat. 602, as amended, 29 U.S.C. § 621 *et seq.* (1994 ed. and Supp. III), makes it unlawful for an employer, including a State, "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual … because of such individual's age." 29 U.S.C. § 623

UNITED STATES DISTRICT COURT
SOUTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

                       :

VIJOI RAMAH,                 :

          Plaintiff,      :

  -against-             :

J MENDEL INC., and
CHRISTINA ALPARONE, in her
Individual Capacity,

            Defendants.   :

-------------------------------------------------------x

CIVIL ACTION NO.

**17 CV 4502**

COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF ACTION

    This Action is brought by the plaintiff, Vijoi Ramah under the Family and Medical Leave Act of 1993,

29 U.S.C section 2601 et seq. Based on defendants' unlawful interference with Plaintiff's rights under

FMLA and defendants' termination from employment of Plaintiff in retaliation for his exercise of rights

under FMLA and under the Americans with Disabilities Act of 1990, as codified, 42 U.S.C.

§§12112 - 12117 (amended by the ADA Amendments Act of 2008,Pub. L. No. 110-325 and the

Civil Rights Act of 1991, Pub. L. No.102-166);  and The Age Discrimination in Employment Act

of 1967 (ADEA or Act), 81 Stat. 602, as amended, 29 U.S.C. § 621 et seq. (1994 ed. and Supp.

III), 29 U.S.C. § 623, as plaintiff was immediately replaced with a younger worker under the age of 40.

Plaintiff was subjected to unlawful employment practices on the basis of the violations of the

FMLA, ADA and ADEA, and to correct unlawful employment practices on the basis of

discrimination to provide appropriate relief to Vijoi Ramah, who was adversely affected by such

practices.

<u>JURISDICTION AND VENUE</u>

Jurisdiction of this court is invoked pursuant to 29 U.S.C. sec. 2617(a)(2) and 28 U.S.C.

sec.1331. This action is authorized and instituted pursuant to The FMLA and section 102 of the

civil right act of 1991, 42 U.S.C. sec 1981a. implementing regulations, 4 CFR 104, et seq.; are

contrary to the rights and privileges guaranteed under the Fifth and Fourteenth Amendments of

U.S. Constitution and are actionable under <u>42 U.S.C. 1983</u>. and The Americans with Disabilities

Act, and The Age Discrimination in Employment Act of 1967 (ADEA or Act), 81 Stat. 602, as

amended, <u>29 U.S.C. § 621</u> *et seq.* (1994 ed. and Supp. III), <u>29 U.S.C. § 623</u> Venue is properly

laid within the Southern District of New York pursuant to 28 U.S.C. § 1391(b) in that the

Defendant does business in this state and has minimum contacts in foreign states and in New

York state. Defendant is located and also engages in business in this state jurisdiction, all

allegations of discrimination in this complaint occurred within this jurisdiction.

<u>PARTIES</u>

At all times, Plaintiff, Vijoi Ramah, is a United States Citizen who resides at 359 Rutgers

Avenue Hillside, New Jersey 07205. Plaintiff, Vijoi Ramah worked for Defendant, J Mendel,

Inc., located at 463 Seventh Avenue, New York, N.Y.,10018.

Defendant, Human Resources Director Christina Alparone directly participated in the decision

to terminate Plaintiff's employment because plaintiff exercised his rights under the FMLA and

because of the disabilities of plaintiff, the record of such disabilities and/or because he was

perceived to be disabled. was and is now an employer within the meaning of 29 U.S.C. Sec

2611(4)(A) under the FMLA, and because it engages in an industry affecting commerce, and

employs more than the requisite number of employees under Title 1 of the ADA, and Section

623 of the ADEA.

ADMINISTRATIVE MEASURES

On or about January 19, 2016, Vijoi Ramah filed a charge against defendant J Mendel, with The

Federal Equal Employment Opportunity Commission located at 33 Whitehall Street, New York

NY, 10004, .as required to exhaust Plaintiff's administrative Remedies. A finding of just cause

of discrimination was determined by the EEOC. Conciliation commenced upon the

Commission's determination and respondent/defendant refused to actively participate in the

conciliation in a good faith manner. Plaintiff informed the commission on March 20, 2017 the he

wanted to continue to negotiate settlement in conciliation but defendant had no desire to settle

within the conciliation process. A Right to Sue Letter with a determination of just cause of

discrimination dated March 22, 2017 was emailed to Vijoi Ramah on April 11, 2017 and was

first received by Plaintiff, Vijoi Ramah on April 11, 2107.

FACTS

1. Plaintiff, Vijoi Ramah is over the age of 60 and because of that, has illnesses directly associated
   with medical problems directly related to my age which are also covered by The ADEA and The
   American with Disabilities Act.

2. Plaintiff was subjected to discrimination by my former employer as plaintiff was terminated for
   requesting time off from work under The FMLA Act of 1993, to have a serious medical
   procedure (Angioplasty) performed. Plaintiff had scheduled the procedure with my doctor for
   October 2015.

3. There is a record of Plaintiff's disability and plaintiff was in need of an angioplasty and was out
   of work, as an employee of the defendant, in the past for the same related illnesses. My employer
   was aware that I had been out sick in the recent past for this medical illness that was directly
   related to the necessary scheduled procedure (Angioplasty)On September 24, 2015, plaintiff
   visited my cardiologist, Doctor Asim Hameedi.

3

4.  The following morning, September 25, 2015, Plaintiff went to work and Plaintiff filled out a vacation request for five vacation days. I went to my manager, Ed Meredith, CFO, for approval but his office was closed. Plaintiff asked Marty Saur if Mr. Meredith was in and Marty said that Mr. Meredith was in a meeting and I should come back in a couple of hours.

5.  Plaintiff returned at about 11:30AM and Mr. Meredith said he was busy garnering reports for the potential investors and I should leave the vacation request.

6.  Plaintiff gave/notified manager Ed Meredith of the vacation request on Friday September 25, 2015.

7.  On Friday September 25, 2015, Manager Ed Meredith was informed by plaintiff that it was for an angioplasty procedure.

8.  After being given the vacation/FMLA request, Mr. Meredith said to Plaintiff if we can address this on this Monday, September 28, 2015.

9.  Plaintiff went to Ed Meredith's office Monday morning, September 28, 2015, at about 10AM and Ed Meredith said that there is someone in lobby that he has an appointment with and Plaintiff should come back in a couple of hours.

10. Plaintiff decided to go to Christina Alparone's office. Plaintiff said Mr. Meredith is a hard person to reach and whether Plaintiff can get the vacation approved with her and have Ed Meredith sign it. Plaintiff told her about the angioplasty that had to be done and Plaintiff was requesting five vacation days, as Plaintiff still had nine vacation days remaining. Christina Alparone said it is a great idea because her father had the same procedure and it takes about a week to heal; especially if they go through your groin.

11. Human Resources director Christina Alparone was fully aware of plaintiff's disability and directly made a request for FMLA leave to Human Resources director Christina Alparone

12. Christina Alparone said not to leave the vacation request with her because she is swamped with work and Plaintiff should come back and see Mr. Meredith in two hours.

4

13. Plaintiff returned after two hours but Mr. Meredith was still not available, he was in a meeting with the CEO, Mark Durie. On Plaintiff's way, back I peeked into Christina Alparone's office and said Mr. Meredith is in another meeting and she said try again later.

14. When Plaintiff requested the time off, defendant never informed Plaintiff that he was being terminated, instead a written vacation request was submitted and series of conveyances occurred before Defendant decided to terminate plaintiff.

15. On Plaintiff's way to see Ed Meredith at about 1:30PM on September 28, 2015, Plaintiff was stopped by human resources director, Christina Alparone and asked to wait in the showroom. After a few minutes, Christina walked in with Mark Durie, CEO and Ed Meredith, CFO.

16. On September 28, 2015, Plaintiff was told by Mark Durie that the company is going in a different direction and my position of Costing manager has been terminated. Mark Durie said Christina Alparone will escort you to your office for you to take all personal effects and hand over all company keys. After 15 years of faithful service, Plaintiff was actually escorted out of the building by security as if Plaintiff had committed some act of misconduct.

17. Plaintiff began working for his employer in May of 2000.  On September 28, 2015, Plaintiff was terminated in response for requesting time off for a serious medical condition on September 25, 2015.

18. Plaintiff's employer was fully aware of Plaintiff's medical conditions of heart disease/small vessel disease. In 2013, Plaintiff previously had a stroke at work in the presence of the defendant.

19. Defendant displayed deliberate indifference in the past, directly related to plaintiff's disability, by letting Plaintiff leave work after waiting for his son to pick him up without calling for medical help or an ambulance when plaintiff had a stroke at work in December 2013.

20.  Defendant had previously had been notified of the reason(s) why Plaintiff needed a week off from work in October 2015.

21. Plaintiff was a victim of discrimination for requesting time off from my job on September 25, 2015. The Human Resources Director ignored Plaintiff's request for medical leave and wrongly terminated plaintiff's employment in response to making this request for medical leave one business day later, September 28, 2015.

22. Plaintiff was terminated by my employer for requesting to take medical leave, a week off to have an angioplasty performed. My termination was based on discrimination, all in violation of the Family Medical Leave Act, The American with disabilities Act and the ADEA which is governed under Title VII of the Civil Rights Act of 1964, as amended, and other applicable Federal, state, and local anti-discrimination statutes

## STATEMENT OF CLAIMS

23. That Plaintiff repeats, reiterates, and realleges each and every allegation set forth and contained in paragraphs marked and numbered "1" through "23" herein, inclusive, as if fully set forth at length herein.

COUNT ONE

VIOLATION OF

The Family Medical Leave Act of 1993, FMLA Interference & Retaliation

Defendant J Mendel must not discriminate on the basis of interfering with the rights of plaintiff taking medical leave under FMLA. Plaintiff was terminated based on requesting taking medical leave for treating/monitoring a serious health condition.

24. Defendant engaged in unlawful employment practices in violation of section The FMLA Act of 1993. Such unlawful employment practices include allowing CEO Mark Drurie,

CFO Ed Meredith and Human Resources director Christina Alparone to add Vijoi Ramah to list of employees to be terminated after plaintiff requested time off for a serious health condition covered under The FMLA Act of 1993.

25. Plaintiff had a stroke in December 2013 and suffers from heart disease/small vessel disease.

26. Plaintiff requested time off to have an angioplasty procedure performed by his medical clinician because plaintiff has heart/small vessel disease.

27. Defendant/Employer's records do not show that Plaintiff was considered for layoff prior to his request for FMLA leave.

28. Defendant/Employer's records do show that plaintiff was considered for layoff the day after his request for FMLA Leave.

29. Plaintiff was laid off because of his participation in a legally protected act of requesting FMLA Leave, which constitutes FMLA Interference and retaliation.

30. The unlawful employment practices complained of above were intentional.

31. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Vijoi Ramah.

32. As a result of his disability, plaintiff was discriminated  and retaliated against based his request for leave under the FMLA because of his disabilities, in violation of The FMLA Act of 1993.

COUNT TWO

33. That Plaintiff repeats, reiterates, and realleges each and every allegation set forth and contained in paragraphs marked and numbered "1" through "34" herein, inclusive, as if fully set forth at length herein. Plaintiff was subjected to disparate treatment

7

VIOLATION OF

The American with Disabilities Act of 1990 as amended as codified, 42 U.S.C. §§12112 - 12117

(amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325

Retaliation for making an Accommodation Request under the ADA

Defendant J Mendel and Human Resources director, Christina Alparone must not discriminate

based on the disabilities of plaintiff covered under the ADA, which makes it unlawful for an

employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate

against any individual with respect to his compensation, terms, conditions, or privileges of

employment, because of such individual's disability.

The actions of defendant subjected Plaintiff to act(s) of retaliation for exercising his rights under

the ADA.

The foregoing paragraphs are incorporated herein by this reference.

34. Defendant engaged in unlawful employment practices in violation of The ADA of 1990
    as amended.

35. Such unlawful employment practices include allowing Human Resources director
    Christina Alparone to add Vijoi Ramah to list of employees to be terminated after
    plaintiff requested time off for a disability covered under the ADA

36. Plaintiff had a stroke in December 2013 and suffers from heart disease/small vessel
    disease.

37. On September 25, 2015, Plaintiff requested time off for an angioplasty directly because of heart/small vessel disease.

38. On September 28, 2015, Plaintiff was terminated by defendant in response to requesting an accommodation of time off to have his disability treated by his medical clinician.

39. Defendant/Employer's records do not show that Plaintiff was considered for layoff prior to his request for an Accommodation under the ADA.

40. Defendant/Employer's records do show that plaintiff was considered for layoff the day after his request for an Accommodation under the ADA.

41. The unlawful practices complained of above were done with malice or with reckless indifference to the federally protected rights of Vijoi Ramah., which lead to Vijoi Ramah experiencing extreme humiliation and mental anguish.

42. The unlawful employment practices complained of above were intentional.


COUNT THREE

43. That Plaintiff repeats, reiterates, and realleges each and every allegation set forth and contained in paragraphs marked and numbered "1" through "43" herein, inclusive, as if fully set forth at length herein.

VIOLATION OF

The ADEA.

The Age Discrimination in Employment Act of 1967 (ADEA or Act), 81 Stat. 602, as amended, 29 U.S.C. § 621 *et seq.* (1994 ed. and Supp. III), makes it unlawful for an employer, including a State, "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual ... because of such individual's age." 29 U.S.C. § 623

Plaintiff was subjected to termination based on his age as plaintiff was replaced with a younger and more inexperienced employee(s).

Vijoi Ramah was subjected to termination in violation of the ADEA

44. Plaintiff, Mr. Ramah's medical problems and needs to have time off for a medical procedure are directly related to his age and was a pretextual reason for Mr. Ramah being replaced by a younger worker under the age of 40.

45. On or about May 20, 2016, Plaintiff was terminated from his position as cost manager and replaced with a younger worker.

COUNT FOUR

46. That Plaintiff repeats, reiterates, and realleges each and every allegation set forth and contained in paragraphs marked and numbered "1" through "46" herein, inclusive, as if fully set forth at length herein.

VIOLATION OF

The ADA of 1990 as amended as codified, 42 U.S.C. §§12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325

The foregoing paragraphs are incorporated herein by this reference:

Vijoi Ramah was subjected to discrimination for being disabled within the meaning of Disabled under the ADA of 1990 as amended as codified, 42 U.S.C. §§12112 - 12117 (amended by the ADA Amendments Act of 2008, Pub. L. No. 110-325

47. Human Resources director, Christina Alparone, terminated plaintiff Vijoi Ramah one business day after plaintiff requested an accommodation under the ADA and thus was terminated for being disabled.

48. Plaintiff had a stroke at work in the presence of defendant in December 2013 and suffers from heart disease/small vessel disease.

49. On September 25, 2015, Plaintiff requested time off for an angioplasty directly because of heart/small vessel disease.

50. On September 28, 2015, Plaintiff was terminated by defendant for being disabled, and in response to requesting an accommodation of time off to have his disability treated by his medical clinician and was replaced with a younger worker by defendant.

51. Defendant's violations of the FMLA, ADA and ADEA have harmed and will continue to harm Plaintiff and other similarly situated individuals in the future.

52. That plaintiff was subjected to said treatment and as a result was subjected to such egregious and discriminatory practices by defendant, and as a result was arbitrarily terminated by defendant.

53. By engaging in the conduct described above, defendant has either intentionally discriminated against Plaintiff or been deliberately indifferent to the strong likelihood that pursuit of its policies would result in violations of federally protected rights.

54. That Plaintiff repeats, reiterates, and realleges each and every allegation set forth and contained in paragraphs marked and numbered "1" through "54" herein, inclusive, as if fully set forth at length herein.

PRAYER FOR RELIEF

**WHEREFORE**, the plaintiff respectfully prays that this court:

A. Order Defendants, J Mendel and Human Resources director Christina Alparone to make whole the Plaintiff by providing him with appropriate compensation for loss of employment opportunities, family disruption, and the like with pre-judgement interests, in amounts to be provided at trial, and other affirmative relief necessary to compensate him for his pain and suffering and eradicate the effects of the Defendant's unlawful discrimination practices;

B. Request for Injunctive relief, Ordering plaintiff to be reinstated at his same position of employment with Defendant, J Mendel;

C. Compensatory damages as this honorable Court sees fit to make Plaintiff whole including an award of Front Pay;

D. non-pecuniary damages for mental anguish;

E. Emotional Distress Damages;

F. Punitive Damages for intentional acts of malice and reckless conduct in amounts to be determined at trial;

G. Granting Plaintiff unreduced amount pursuant to 29 U.S.C 2617(a)(1)(A)(iii) for Defendant's willful violations of the FMLA;

H. Grant such further relief as this Court deems necessary and proper in the public interest; and

I. Award Plaintiff legal f ees and costs in this action.

12

<u>JURY TRIAL DEMANDED</u>

The Plaintiff requests a jury trial on all questions of fact raised by this complaint.


June 15, 2017

Respectfully Submitted,

Vijoi Ramah (Pro Se)
359 Rutgers Avenue
Hillside, New Jersey 07205
ERamah20@yahoo.com
(718) 883-0660

EEOC Form 161-A (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### *(CONCILIATION FAILURE)*

| To: | Vijoi Ramah<br>91 Jordan Ave #4<br>Jersey City, NJ 07306 | From: | Boston Area Office<br>John F. Kennedy Fed Bldg<br>Government Ctr, Room 475<br>Boston, MA 02203 |
|---|---|---|---|

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2016-00728** | Scott M. Kelley,<br>**Investigator** | **(617) 565-3210** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Feng K. An,
**Area Office Director**

MAR 2 2 2017

*(Date Mailed)*

Enclosures(s)

cc:   **Ms. Elana Ben-Dov, Esq.**
**Silverman Shin & Byrne PLLC**
**88 Pine Street, 22nd Floor**
**New York, New York 10005**

       **Mr. Joseph Cooney**
**33-16 20th st**
**Bayside NY 11361**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506
Toll Free Number:   (866) 408-8075
Boston Direct Dial:   (617) 565-4805
Boston Direct Line:   (617) 565-3200
TTY:   (617) 565-3204
FAX:   (617) 565-3196

Internet: www.eeoc.gov
Email: info@eeoc.gov

Ms. Elana Ben-Dov, Esq.
Silverman Shin & Byrne PLLC
88 Pine Street, 22nd Floor
New York, New York 10005                    (Respondent)

Re:     Ramah v. J Mendel, Inc.
        520-2016-00728

## NOTICE OF CONCILIATION FAILURE

Dear Ms. Ben-Dov:

The Commission has determined that efforts to conciliate this charge have been unsuccessful.
This letter is the notice required by § 1601.25 of the Commission's Regulations, which provides
that the Commission shall notify the parties in writing when it determines that further
conciliation efforts would be futile or non-productive.

No further efforts to conciliate this case will be made. The issuance of the enclosed Notice of
Right to Sue concludes the processing of your charge by the Commission.

On Behalf of the Commission:

MAR 2 2 2017
_____
Date

Feng K. An, JD
Director
Boston Area Office

JUDGE FURMAN

17 CV 4502

JS 44C/SDNY
REV. 06/01/17

CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
VIJOI RAMAH

DEFENDANTS
J MENDEL INC., and CHRISTINA ALPARONE in her individual capacity

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Vijoi Ramah (Pro Se)
359 Rutgers Avenue
Hillside, New Jersey 07205

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Employment discrimination FMLA interference/retaliation, ADA as amended 1990, ADEA

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No[ ] Yes[✓]    Judge Previously Assigned

If yes, was this case Vol.[ ] Invol.[ ] Dismissed. No[ ] Yes[ ]   If yes, give date _____ & Case No: _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?   No[ ]   Yes[ ]

(PLACE AN [x] IN ONE BOX ONLY)          NATURE OF SUIT

### TORTS

**CONTRACT**

[ ] 110 INSURANCE
[ ] 120 MARINE
[ ] 130 MILLER ACT
[ ] 140 NEGOTIABLE INSTRUMENT
[ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151 MEDICARE ACT
[ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153 RECOVERY OF OVERPAYMENT OF VETERANS BENEFITS
[ ] 160 STOCKHOLDERS SUITS
[ ] 190 OTHER CONTRACT
[ ] 195 CONTRACT PRODUCT LIABILITY
[ ] 196 FRANCHISE

**REAL PROPERTY**

[ ] 210 LAND CONDEMNATION
[ ] 220 FORECLOSURE
[ ] 230 RENT LEASE & EJECTMENT
[ ] 240 TORTS TO LAND
[ ] 245 TORT PRODUCT LIABILITY
[ ] 290 ALL OTHER REAL PROPERTY

**PERSONAL INJURY**

[ ] 310 AIRPLANE
[ ] 315 AIRPLANE PRODUCT LIABILITY
[ ] 320 ASSAULT, LIBEL & SLANDER
[ ] 330 FEDERAL EMPLOYERS' LIABILITY
[ ] 340 MARINE
[ ] 345 MARINE PRODUCT LIABILITY
[ ] 350 MOTOR VEHICLE
[ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360 OTHER PERSONAL INJURY
[ ] 362 PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 440 OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441 VOTING
[ ] 442 EMPLOYMENT
[ ] 443 HOUSING/ ACCOMMODATIONS
[x] 445 AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446 AMERICANS WITH DISABILITIES -OTHER
[ ] 448 EDUCATION

**PERSONAL INJURY/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY**

[ ] 367 HEALTHCARE/
[ ] 365 PERSONAL INJURY PRODUCT LIABILITY
[ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370 OTHER FRAUD
[ ] 371 TRUTH IN LENDING
[ ] 380 OTHER PERSONAL PROPERTY DAMAGE
[ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**

[ ] 463 ALIEN DETAINEE
[ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530 HABEAS CORPUS
[ ] 535 DEATH PENALTY
[ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**

[ ] 550 CIVIL RIGHTS
[ ] 555 PRISON CONDITION
[ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**

[ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690 OTHER

**PROPERTY RIGHTS**

[ ] 820 COPYRIGHTS
[ ] 830 PATENT
[ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840 TRADEMARK

**LABOR**

[ ] 710 FAIR LABOR STANDARDS ACT
[ ] 720 LABOR/MGMT RELATIONS
[ ] 740 RAILWAY LABOR ACT
[ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
[x] 790 OTHER LABOR LITIGATION
[ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**

[ ] 462 NATURALIZATION APPLICATION
[ ] 465 OTHER IMMIGRATION ACTIONS

### ACTIONS UNDER STATUTES

**BANKRUPTCY**

[ ] 422 APPEAL 28 USC 158
[ ] 423 WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**

[ ] 861 HIA (1395ff)
[ ] 862 BLACK LUNG (923)
[ ] 863 DIWC/DIWW (405(g))
[ ] 864 SSID TITLE XVI
[ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870 TAXES (U.S. Plaintiff or Defendant)
[ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 375 FALSE CLAIMS
[ ] 376 QUI TAM
[ ] 400 STATE REAPPORTIONMENT
[ ] 410 ANTITRUST
[ ] 430 BANKS & BANKING
[ ] 450 COMMERCE
[ ] 460 DEPORTATION
[ ] 470 RACKETEER INFLU-ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480 CONSUMER CREDIT
[ ] 490 CABLE/SATELLITE TV
[ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE

[ ] 890 OTHER STATUTORY ACTIONS
[ ] 891 AGRICULTURAL ACTS

[ ] 893 ENVIRONMENTAL MATTERS
[ ] 895 FREEDOM OF INFORMATION ACT
[ ] 896 ARBITRATION
[ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION

[ ] 950 CONSTITUTIONALITY OF STATE STATUTES

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

DEMAND $_____ OTHER _____   JUDGE _____   DOCKET NUMBER _____

Check YES only if demanded in complaint
JURY DEMAND: [X] YES [ ] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

JS 44C/SDNY
REV. 06/01/17

**JUDGE FURMAN**

CIVIL COVER SHEET

17 CV 4502

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

PLAINTIFFS
VIJOI RAMAH

DEFENDANTS
J MENDEL INC., and CHRISTINA ALPARONE in her individual capacity

ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER
Vijoi Ramah (Pro Se)
359 Rutgers Avenue
Hillside, New Jersey 07205

ATTORNEYS (IF KNOWN)

CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Employment discrimination FMLA interference/retaliation, ADA as amended 1990, ADEA

Has this action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [ ] Yes [x]    Judge Previously Assigned

If yes, was this case  Vol. [ ] Invol. [ ]  Dismissed. No [ ] Yes [ ]   If yes, give date _____ & Case No.: _____

IS THIS AN INTERNATIONAL ARBITRATION CASE?    No [ ]    Yes [ ]

(PLACE AN [x] IN ONE BOX ONLY)                NATURE OF SUIT

TORTS

ACTIONS UNDER STATUTES

**CONTRACT**

[ ] 110  INSURANCE
[ ] 120  MARINE
[ ] 130  MILLER ACT
[ ] 140  NEGOTIABLE INSTRUMENT
[ ] 150  RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
[ ] 151  MEDICARE ACT
[ ] 152  RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
[ ] 153  RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
[ ] 160  STOCKHOLDERS SUITS
[ ] 190  OTHER CONTRACT
[ ] 195  CONTRACT PRODUCT LIABILITY
[ ] 196  FRANCHISE

**PERSONAL INJURY**

[ ] 310  AIRPLANE
[ ] 315  AIRPLANE PRODUCT LIABILITY
[ ] 320  ASSAULT, LIBEL & SLANDER
[ ] 330  FEDERAL EMPLOYERS' LIABILITY
[ ] 340  MARINE
[ ] 345  MARINE PRODUCT LIABILITY
[ ] 350  MOTOR VEHICLE
[ ] 355  MOTOR VEHICLE PRODUCT LIABILITY
[ ] 360  OTHER PERSONAL INJURY
[ ] 362  PERSONAL INJURY - MED MALPRACTICE

**PERSONAL INJURY/ PHARMACEUTICAL**

[ ] 367  HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
[ ] 365  PERSONAL INJURY PRODUCT LIABILITY
[ ] 368  ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

[ ] 370  OTHER FRAUD
[ ] 371  TRUTH IN LENDING

[ ] 380  OTHER PERSONAL PROPERTY DAMAGE
[ ] 385  PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**

[ ] 463  ALIEN DETAINEE
[ ] 510  MOTIONS TO VACATE SENTENCE 28 USC 2255
[ ] 530  HABEAS CORPUS
[ ] 535  DEATH PENALTY
[ ] 540  MANDAMUS & OTHER

**FORFEITURE/PENALTY**

[ ] 625  DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
[ ] 690  OTHER

**PROPERTY RIGHTS**

[ ] 820  COPYRIGHTS
[ ] 830  PATENT
[ ] 835  PATENT-ABBREVIATED NEW DRUG APPLICATION
[ ] 840  TRADEMARK

**LABOR**

[ ] 710  FAIR LABOR STANDARDS ACT
[ ] 720  LABOR/MGMT RELATIONS
[ ] 740  RAILWAY LABOR ACT
[ ] 751  FAMILY MEDICAL LEAVE ACT (FMLA)
[x] 790  OTHER LABOR LITIGATION
[ ] 791  EMPL RET INC SECURITY ACT (ERISA)

**BANKRUPTCY**

[ ] 422  APPEAL 28 USC 158
[ ] 423  WITHDRAWAL 28 USC 157

**SOCIAL SECURITY**

[ ] 861  HIA (1395ff)
[ ] 862  BLACK LUNG (923)
[ ] 863  DIWC/DIWW (405(g))
[ ] 864  SSID TITLE XVI
[ ] 865  RSI (405(g))

**FEDERAL TAX SUITS**

[ ] 870  TAXES (U.S. Plaintiff or Defendant)
[ ] 871  IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

[ ] 375  FALSE CLAIMS
[ ] 376  QUI TAM
[ ] 400  STATE REAPPORTIONMENT
[ ] 410  ANTITRUST
[ ] 430  BANKS & BANKING
[ ] 450  COMMERCE
[ ] 460  DEPORTATION
[ ] 470  RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
[ ] 480  CONSUMER CREDIT
[ ] 490  CABLE/SATELLITE TV
[ ] 850  SECURITIES/ COMMODITIES/ EXCHANGE

[ ] 890  OTHER STATUTORY ACTIONS
[ ] 891  AGRICULTURAL ACTS

[ ] 893  ENVIRONMENTAL MATTERS
[ ] 895  FREEDOM OF INFORMATION ACT
[ ] 896  ARBITRATION
[ ] 899  ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
[ ] 950  CONSTITUTIONALITY OF STATE STATUTES

**REAL PROPERTY**

[ ] 210  LAND CONDEMNATION
[ ] 220  FORECLOSURE
[ ] 230  RENT LEASE & EJECTMENT
[ ] 240  TORTS TO LAND
[ ] 245  TORT PRODUCT LIABILITY
[ ] 290  ALL OTHER REAL PROPERTY

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

[ ] 440  OTHER CIVIL RIGHTS (Non-Prisoner)
[ ] 441  VOTING
[ ] 442  EMPLOYMENT
[ ] 443  HOUSING/ ACCOMMODATIONS
[x] 445  AMERICANS WITH DISABILITIES - EMPLOYMENT
[ ] 446  AMERICANS WITH DISABILITIES -OTHER
[ ] 448  EDUCATION

**PRISONER CIVIL RIGHTS**

[ ] 550  CIVIL RIGHTS
[ ] 555  PRISON CONDITION
[ ] 560  CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**IMMIGRATION**

[ ] 462  NATURALIZATION APPLICATION
[ ] 465  OTHER IMMIGRATION ACTIONS

Check if demanded in complaint:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ OTHER _____

Check YES only if demanded in complaint
JURY DEMAND: [x] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____   DOCKET NUMBER _____

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

*(PLACE AN  x  IN ONE BOX ONLY)*  **ORIGIN**

[X] 1 Original Proceeding  [ ] 2 Removed from State Court  [ ] 3 Remanded from Appellate Court  [ ] 4 Reinstated or Reopened  [ ] 5 Transferred from (Specify District)  [ ] 6 Multidistrict Litigation (Transferred)  [ ] 7 Appeal to District Judge from Magistrate Judge

[ ] a. all parties represented

[ ] b. At least one party is pro se.

[ ] 8 Multidistrict Litigation (Direct File)

*(PLACE AN  x  IN ONE BOX ONLY)*  **BASIS OF JURISDICTION**  ***IF DIVERSITY, INDICATE CITIZENSHIP BELOW.***

[ ] 1 U.S. PLAINTIFF  [ ] 2 U.S. DEFENDANT  [X] 3 FEDERAL QUESTION (U.S. NOT A PARTY)  [ ] 4 DIVERSITY

**CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)**

(Place an [X] in one box for Plaintiff and one box for Defendant)

|  | PTF DEF |  | PTF DEF |  | PTF DEF |
|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 [ ] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [ ] 4 [ ] 4 | FOREIGN NATION | [ ] 6 [ ] 6 |

PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Vijoi Ramah
359 Rutgers Avenue
Hillisde, New Jersey 07205

DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

J Mendel Inc.
463 Seventh Avenue          Christina Alparone
New York, NY 10018

DEFENDANT(S) ADDRESS UNKNOWN
REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN
THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

**COURTHOUSE ASSIGNMENT**

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [X] MANHATTAN

JUN 1 5 2017   PRO SE INTAKE UNIT

DATE   SIGNATURE OF ATTORNEY OF RECORD

RECEIPT #

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[ ] YES (DATE ADMITTED  Mo. _____  Yr. _____)
Attorney Bar Code #

Magistrate Judge is to be designated by the Clerk of the Court.

MAG. JUDGE MOSES

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)